### FAYOU v. JEKYLL et ux.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

**1. CONTRACTS ⬥212(2)—PERFORMANCE—REASONABLE TIME.**

A dressmaker, who made and delivered a dress not in compliance with the order, the customer retaining the skirt and returning the coat, which the dressmaker altered, soiling the lining, had a reasonable time to remedy such soilure.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 947–951; Dec. Dig. ⬥212(2).]

**2. CONTRACTS ⬥320—PERFORMANCE—REASONABLE OPPORTUNITY.**

In such case, where the soilure was not entirely removed by cleaning, the customer could not reject the dress unconditionally until she gave the dressmaker opportunity to replace the soiled piece of lining.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1459, 1469, 1493–1527; Dec. Dig. ⬥320.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Marie Therese Fayou against Arthur B. Jekyll and wife. From a judgment for costs for defendants after trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Dennis & Buhler, of New York City (Joseph S. Buhler, of New York City, of counsel), for appellant.

David C. Broderick, of New York City, for respondents.

LEHMAN, J.   On September 30, 1915, the defendant ordered a dress from the plaintiff. The plaintiff testified that it was made up exactly as ordered. It was delivered to the defendant on October 13th. The defendant retained the skirt, but thereafter returned the coat to the plaintiff, because she claimed the coat should have been finished with some buttons or fastenings. To avoid any dispute the plaintiff put on the fastenings as requested, and again delivered the coat to the defendant on October 18th. The defendant again returned the coat because the lining had become soiled in two places. The plaintiff cleaned the lining and delivered the coat a third time on October 21st. The defendant refused to accept the coat with the lining cleaned. The plaintiff immediately offered to put in a new piece of lining, but this offer was refused.

[1, 2] At the trial the only dispute which developed was in regard to two points: First, did the coat as ordered require fastenings? and, second, was the coat in proper condition when it was delivered on October 21st? On the first point in dispute I can find no competent evidence on the part of the defendant which contradicts the plaintiff's evidence that the suit was made as ordered. It is not disputed that the suit was ordered from a model with certain modifications. The defendant is unable to testify positively that the model

had any fastenings, nor does she state positively that the modifications included fastenings. Her testimony on this point is only that:

"I asked for a suit that would be made open at the neck and without the fur, if they could make me a practical suit, which I *fancied* included buttons or fastenings."

Assuming, however, that the dress as delivered on October 13th was not in accordance with the order, it is not disputed that the dress as delivered on October 18th was in compliance with the order, and the only objection raised was that the lining was soiled during the making of the alterations to the coat. Clearly the plaintiff at that time had a right to a reasonable time to remedy this defect, which had arisen only after the first delivery, especially as the defendant had apparently during all this time retained the skirt; and even if the defendant is correct in her views that this defect was not entirely removed by cleaning, she had no right to reject the dress unconditionally on October 21st, but was bound to give the plaintiff the opportunity to replace the soiled piece of lining.

Judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur. ₀